NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 25 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANTHONY THOMAS CHERNETSKY, | No. 21-16540 |
| Plaintiff-Appellant, | D.C. No. 3:06-cv-00252-RCJ-WGC |
| v. | |
| STATE OF NEVADA; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert C. Jones, District Judge, Presiding

Argued and Submitted March 14, 2024
San Francisco, California

Before: McKEOWN and CHRISTEN, Circuit Judges, and EZRA,** District Judge.

Anthony Chernetsky appeals the district court's order granting summary judgment to the State on Chernetsky's claim that Nevada Department of Corrections (NDOC) Administrative Regulation (AR) 810 violates his rights under the Religious Land Use and Institutionalized Persons Act (RLUIPA),

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

42 U.S.C. § 2000cc. Because the parties are familiar with the facts, we do not recount them here.[1] We have jurisdiction under 28 U.S.C. § 1291, and we review de novo a district court's decision on cross-motions for summary judgment. *See Csutoras v. Paradise High Sch.*, 12 F.4th 960, 965 (9th Cir. 2021). We reverse.

1. The State's argument that the removal of its categorical ban on "anointing oils" renders Chernetsky's RLUIPA claim moot is without merit. Chernetsky's 2006 complaint alleges that "AR 810 prohibits the religious and/or spiritual use of anointing oils by practicing Wiccans." As the State acknowledges in its brief, Chernetsky insists that the Wiccan faith specifically requires natural anointing oils for religious practice. That AR 810 now makes available synthetic anointing oils is therefore irrelevant. *Cf. Johnson v. Baker*, 23 F.4th 1209, 1216 (9th Cir. 2022) ("[W]hether Johnson has access to unscented oil is immaterial when his faith requires scented oil."). Because the State does not dispute that AR 810 continues to ban natural anointing oils, Chernetsky's RLUIPA claim is not moot.

2. RLUIPA prohibits the government from imposing "a substantial burden on the religious exercise of a person residing in or confined to an institution . . . unless the government demonstrates that imposition of the burden

---

[1] We grant Chernetsky's unopposed motions to take judicial notice of additional NDOC administrative regulations at Dkt. Nos. 36, 66. *See* Fed. R. Evid. 201(b)(2).

on that person—(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a). Accordingly, "[t]o state a claim under RLUIPA, a prisoner must show that: (1) he takes part in a religious exercise, and (2) the State's actions have substantially burdened that exercise." *Walker v. Beard*, 789 F.3d 1125, 1134 (9th Cir. 2015) (internal quotation marks and citation omitted). "If the prisoner satisfies those elements, then the State must prove its actions were the least restrictive means of furthering a compelling governmental interest." *Id.*

It is uncontested that Chernetsky is a sincere Wiccan and that AR 810 denies him access to the natural anointing oils that are required for his religious practice. As it is undisputed that AR 810 substantially burdens Chernetsky's religious exercise, the burden has shifted to the State to show that it has employed the least restrictive means of furthering its interest. *See id.*

The State argues that AR 810 is the least restrictive means of furthering its interest in prison security because natural oils may be weaponized when used in proximity to open fire. The State, however, has produced no evidence regarding the flammability of natural anointing oils or the potential for oils in the small quantities that Chernetsky requests to be weaponized. The State's other purported concern—that inspecting "every bottle of oil Chernetsky obtains" would impose an

undue administrative burden—is unpersuasive. The State provides no reason why it could not arrange for a pre-approved outside vendor to supply the requested oils and allow the prison chaplain to retain control of and dispense the oil as needed during religious ceremonies. Because the State has failed to carry its burden, we conclude that the district court erred in granting its motion for summary judgment.

On appeal, Chernetsky asks us to reverse the district court's order and grant his cross-motion for summary judgment. Because the State bears the burden of proof on the RLUIPA claim, Chernetsky can prevail "merely by pointing out that there is an absence of evidence to support the [State's] case." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007).

As noted, the State has failed to produce any evidence substantiating its claim that AR 810's ban on natural anointing oils is the least restrictive means of furthering its interests in prison security. We are also mindful that, now in the eighteenth year of this litigation, the parties' efforts to negotiate a resolution of this issue have been unsuccessful. Accordingly, we reverse the district court's order and remand for entry of a judgment in favor of Chernetsky.

**REVERSED AND REMANDED.**

4